IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHIRLEY ANN WILLIAMS                                                                    PLAINTIFF

v.                              Civil No. 09-2126

CIRCUIT JUDGE WILLIAM PEARSON                                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Shirley Ann Williams submitted this *pro se* civil rights action for filing on October 9, 2009. The *in forma pauperis* (IFP) application she submitted with her complaint did not have the inmate account portion of the application completed by her institution of incarceration. That same day, an order (Doc. 2) was entered giving her until November 9, 2009, to submit a completed IFP application.

Williams was advised that if she failed to return the completed IFP application the case would become subject to summary dismissal. The IFP application filed on October 29, 2009 (Doc. 5) does not have the inmate account portion of the application completed. Without this portion completed, the initial partial filing fee cannot be calculated and assessed pursuant to the terms of the Prison Litigation Reform Act. Therefore, the court cannot rule on the application.

Moreover, from the allegations of the amended complaint (Doc. 6) it is clear the defendant Circuit Judge William Pearson is the judge presiding over a theft of property case currently pending against Williams. She disagrees with the amount of bond he has set for her release from custody. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d

AO72A
(Rev. 8/82)

460, 462 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of [his] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. Setting bond in a criminal case over which a judge is presiding is clearly a judicial function.

I therefore recommend that the complaint be dismissed on the grounds plaintiff has failed to prosecute this action and has failed to obey the order of this court. Fed. R. Civ. P. 41(b). More importantly, I recommend that the complaint be dismissed on the grounds that it seeks relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B). Williams should be advised that the dismissal of this action will count as a strike for purposes of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

**Williams has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Williams is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of December 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)